IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC, § § § § | |
| Plaintiff, § | CIVIL ACTION NO. 2:12-cv-295 |
| v. § | **JURY TRIAL DEMANDED** |
| ASUS COMPUTER INTERNATIONAL, INC., § § § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff InMotion Imagery Technologies, LLC (hereinafter, "InMotion" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendant ASUS Computer International, Inc. ("ASUS" or "Defendant"), as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,526,219 (hereinafter, the "'219 patent"), entitled "Picture-Based Video Indexing System", and United States Patent No. 8,150,239, also entitled "Picture-Based Video Indexing System" (hereinafter, the "'239 patent") (collectively, referred to as the "Patents-in-Suit").  A copy of the '219 patent and the '239 is attached hereto as Exhibit A and Exhibit B, respectively.  Plaintiff is the exclusive assignee of both the Patents-in-Suit with respect to the Defendant.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff InMotion is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #175, Marshall, Texas 75670.

3. Plaintiff is the exclusive assignee under the Patents-in-Suit with respect to the Defendant, including the exclusive right to sue the Defendant for infringement and recover past damages.

4. Upon information and belief, Defendant ASUS Computer International, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 800 Corporate Way, Fremont, California 94539.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and, Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

7. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States,

the State of Texas, and the Eastern District of Texas. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respectively Defendant's products and services in the State of Texas and in the Eastern District of Texas.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 6,526,219
## BY ASUS

9. United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on February 25, 2003 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '219 patent and possesses all rights of recovery under the '219 patent, including the right to sue for infringement and recover past damages.

10. Upon information and belief, ASUS has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, products capable of indexing videos with images that are displayed in windows wherein at least one window displays motion imagery, such as its ASUS Notebook PC, Model N53S with 6X Blu-Ray ODD and other similar products.

11.     Upon information and belief, ASUS has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

12.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

14.     Defendant's infringement of Plaintiff's exclusive rights under the '219 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 8,150,239
## BY ASUS

15.     United States Patent No. 8,150,239, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on April 3, 2012 after full and fair examination.  Plaintiff is the assignee of all rights, title, and interest in and to the '239 patent and possesses all rights of recovery under the '239 patent, including the right to sue for infringement and recover past damages.

16.     Upon information and belief, ASUS has infringed and continues to infringe one or more claims of the '239 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, products capable of indexing videos with images that are displayed in windows wherein at least one window displays

motion imagery, such as its ASUS Notebook PC, Model N53S with 6X Blu-Ray ODD and other similar products.

17. Upon information and belief, ASUS has also contributed to the infringement of one or more claims of the '239 patent and/or actively induced others to infringe one or more claims of the '239 patent, in this district and elsewhere in the United States.

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

20. Defendant's infringement of Plaintiff's exclusive rights under the '239 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

21. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

22. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

    A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement

    Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B.  An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Patents-in-Suit;

D.  That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E.  Any further relief that this Court deem just and proper.

Dated: May 17, 2012								Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
THE DAVIS FIRM P.C.
111 W. Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

**Of Counsel:**

Jacqueline Knapp Burt
GA Bar No. 425322
HENINGER GARRISON DAVIS, LLC
3350 Riverwood Parkway, Suite 1900
Atlanta, GA 30339-3372
Tel: (404) 996-0861
Fax: (205) 547-5502
Email:  jknapp@hgdlawfirm.com

Douglas L. Bridges
GA Bar No. 80889
HENINGER GARRISON DAVIS, LLC
169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Tel: (251) 298-8701
Fax: (205) 547-5504
Email:  dbridges@hgdlawfirm.com

**Attorneys for Plaintiff**
**InMotion Imagery Technologies, LLC**